UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| None Present | Christopher Holt<br>Lisa Garner<br>Amy Pennington | |

Proceedings: **DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed Aug. 21, 2012)

## I. INTRODUCTION

On February 28, 2012, pro se plaintiff Nvard Grigoryan filed suit against defendants Convergent Outsourcing, Inc. ("Convergent"), FMS Incorporated, Rozlin Financial Group, Inc., and Northland Group, Inc. Dkt. No. 1.[1] Plaintiff alleges that defendants obtained and reviewed her credit file, without her permission and without a permissible purpose for doing so, in violation of various federal and state laws. Specifically, plaintiff brings claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(e)(11), 1692g(a), 1692e(10), and 1692f; (2) violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code § 1788.17; (3) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b; (4) violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.11; (5) defamation and libel; and (6) invasion of privacy.

Plaintiff alleges that on January 13 and 16, 2012, Convergent obtained plaintiff's consumer credit reports, without plaintiff's consent or knowledge. Compl. ¶ 47. Because of Convergent's review of plaintiff's credit report, plaintiff alleges that her credit report

---

[1] Plaintiff subsequently retained counsel Arshak Bartoumian to represent her in this matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

now reflects these credit inquiries, which detrimentally affects her creditworthiness and credit score.  Id. ¶ 56.  Plaintiff alleges that she sent letters to each credit reporting agency and to each defendant requesting deletion of these credit inquiries from her credit report but did not receive a response.  Id. ¶ 51–52.  Plaintiff alleges she again sent letters requesting deletion of these credit inquiries or an explanation from defendants, but defendants again failed to act.  Id. ¶ 55.  Plaintiff alleges that she has suffered serious financial harm from the inquiries into her credit report, including a decrease in creditworthiness, and severe mental and emotional distress.  Id. ¶ 78.

On August 21, 2012, Convergent Outsourcing, Inc. filed a motion for judgment on the pleadings (hereinafter, "defendant").  Plaintiff filed an opposition on September 14, 2012.[2]  On September 20, 2012, defendant filed a reply, which the Court also considers in reaching its conclusion.  The Court held a hearing on September 24, 2012, at which neither plaintiff nor plaintiff's counsel appeared.  After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain.  See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).  "A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  Id.  In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party.  NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial.  5C

---

[2] The Court exercises its discretion to consider this late-filed opposition.  Plaintiff's counsel is admonished that the failure to file any required document on or before the deadline may be deemed consent to the granting of any future motions.  Local Rule 7–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007).

**III. ANALYSIS**

    **A. FDCPA and RFDCPA Claims**

Plaintiff brings various claims under the FDCPA and the California RFDCPA. None of plaintiff's claims, however, can survive defendant's motion for judgment on the pleadings. First, plaintiff alleges that defendant violated 15 U.S.C. § 1692e(11), whereby debt collectors are prohibited from failing to disclose, in an initial written or oral communication with the consumer, their status as a debt collector. Second, plaintiff claims that defendant violated 15 U.S.C. § 1692g by failing to provide written notices of plaintiff's right to verification about her alleged debts. Compl. ¶ 58. This section, in part, requires a debt collector "[w]ithin five days after the initial communication with a consumer" to send the consumer a written notice containing certain information. 15 U.S.C. § 1692g(a). Third, plaintiff claims that defendant violated 15 U.S.C. § 1692e(10), which prohibits the use of "false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Compl. ¶ 58.

However, plaintiff admits in her complaint that defendant Convergent never communicated with her in any form. See Compl. ¶ 50. Because a defendant cannot violate the plain terms of any of the above-cited code sections without making some sort of *communication* with a consumer, plaintiff's claim fails as a matter of law. Defendant need not provide any written notices to plaintiff, nor refrain from making "false representations," if defendant in fact never had any communication with plaintiff at all. Plaintiff argues that she was entitled to notice and the required statutory disclosures prior to defendant conducting any credit review—but offers no case law or statutory authority in support of this strained reading of the FDCPA. Opp'n at 9. Furthermore, plaintiff fails to allege that defendants employed any cognizable "deceptive means" in connection with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

the collection of any debt; contrary to plaintiff's argument in opposition, she does not allege defendant committed any deceptive conduct other than pulling and reviewing her credit information. Id. Because plaintiff alleges facts that demonstrate defendant did not violate the Act, bare recitals of the elements of a claim under the FDCPA are not sufficient to survive defendant's motion for judgment on the pleadings.

In addition, plaintiff's claim that defendant violated 15 U.S.C. § 1692f also fails. This section prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt," including such conduct as soliciting of a postdated check, threatening action to effect dispossession of property, or using improper language on an envelope when communicating with the consumer. Id. As with plaintiff's other FDCPA claims, her complaint is based entirely on defendant's review of her credit report—and contains no allegations of conduct that is "unfair or unconscionable." Accordingly, the Court finds judgment should be entered for defendant on these claims.[3]

> **B. FCRA and CCRAA Claims**

Plaintiff claims that defendant lacked a permissible purpose under the FCRA for obtaining plaintiff's credit report. Compl. ¶ 64. Under the FCRA, 15 U.S.C. § 1681 et seq., civil liability is imposed on any person who obtains a consumer report for a purpose that is not authorized by the FCRA. See § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless. . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished by this section."). Specifically, section 1681b of the FCRA provides an exclusive list of the permissible purposes for which a consumer report may be furnished to a requesting party.

Defendant argues that it had a permissible purpose for obtaining plaintiff's credit report under § 1681b(a)(3), which permits distribution of a consumer credit report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the

---

[3] Plaintiff's claims under California's RFDCPA are derivative of her federal claims; accordingly, judgment for defendant is also appropriate on these claims. See Cal. Civil Code § 1788.17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); Mot. at 8. Because defendant allegedly obtained and reviewed plaintiff's credit history to "purchase debts alleged to be owed by plaintiff. . . or [to] look[] into plaintiff's credit history as a potential debtor for overdue and unsatisfied account balances to collect on," Compl. ¶ 45, defendant argues that these alleged purposes are related to the collection of an account of the consumer, Mot. at 9. In opposition, plaintiff contends that the "collection of an account" language refers only to persons involved in a credit transaction with a consumer; the statute does not provide "a right of credit review to every person who merely desired to check a consumer's credit file to determine collectability of a debt." Opp'n at 8.

The Court agrees with plaintiff that defendant is not entitled to judgment on this claim. The Ninth Circuit's recent decision in Pintos v. Pac. Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010) is illustrative. In Pintos, the plaintiff failed to pay costs associated with the towing of her illegally parked car, and the towing company asserted a deficiency claim against the plaintiff pursuant to California law. Id. at 673. The towing company later transferred this claim to a collection agency, which then sought the plaintiff's credit report from a credit reporting agency in connection with its effort to collect the debt. Id. The collection agency argued that it had a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) for obtaining the plaintiff's credit report because it was seeking to collect a debt from a consumer. Id.

The Ninth Circuit disagreed, and held that to qualify as a permissible purpose under § 1681b(a)(3)(A), a "credit transaction must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the consumer." Id. at 674. Moreover, a consumer is only "involved" with a credit transaction "when she is drawn in as a participant in the transaction" or otherwise initiates the transaction. Id. at 675. The court held that the plaintiff was not involved in a credit transaction because she "did not participate in seeking credit from the towing company. . . . had no contact with [defendants] until [defendant] towed her car[, and] [s]he never asked to have the vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

towed." Id.[4] The court concluded that because the claim against the plaintiff did not result from any transaction which the plaintiff initiated, § 1681b(a)(3)(A) did not authorize the defendant to obtain plaintiff's credit report. Id. at 676.

    Taking the facts alleged by plaintiff as true, defendant's review of plaintiff's credit report here clearly satisfies the second prong of the Pintos analysis, as it allegedly involves the "review or collection of an account of the consumer." Id. However, defendant fails to demonstrate that the first prong of Pintos is satisfied. Plaintiff alleges that at no point prior to learning of defendant's inquiry into her credit report did plaintiff have any interaction or relationship with defendant in any form, nor any outstanding debts or judgments owed to defendant. See Compl. ¶ 48 (denying the existence of any authorization as well). While defendants *could* permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff, there are no allegations in plaintiff's complaint that support such a finding here.

    Without any such allegations of a credit transaction that plaintiff (1) was involved in or otherwise initiated and (2) that defendant acted pursuant to in obtaining plaintiff's credit report, defendant's argument that it acted lawfully in obtaining plaintiff's credit report is incorrect as a matter of law. See Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005) ("A third party cannot troll for reports, nor can it request a report on a whim."). What is missing from plaintiff's allegations is a "direct link" between plaintiff's obtaining credit or initiating a credit transaction and defendant's credit report request. Id. Compared to the plaintiff in Pintos, who the court found not to be involved in any credit transaction despite the deficiency

---

    [4] The court distinguished Hasbun v. County of Los Angeles, 323 F.3d 801, 802 (9th Cir. 2003), as limited to *judgment* creditors, who do have a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) to obtain a consumer report for use in collection with collection of the judgment debt. See Pintos, 605 F.3d at 676. According to Pintos, that decision stands for the proposition that "[i]f a debt has been judicially established, there is a credit transaction involving the consumer no matter how it arose." Id. Here, defendant does not argue that it is a judgment creditor of plaintiff, and plaintiff makes no allegations to that effect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

claim against her, plaintiff's allegations as currently pled amount to a lesser showing of "involvement" with a credit transaction that she "initiated." Because the Court takes all of plaintiff's allegations as true for purposes of a motion for judgment on the pleadings, judgment for the defendant must be denied on this claim.[5]

Because the California CCRAA permits the release of a consumer credit report for essentially identical reasons, the Court also denies defendant's motion for judgment on the pleadings as to this claim. See Cal. Civ. Code § 1785.11(a); Olson v. Six Rivers Nat. Bank, 111 Cal. App. 4th 1, 12 (2003) ("Because the Credit Reporting Act is substantially based on the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1681–1681t), judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.").

C.  **Defamation, Libel, and Invasion of Privacy Claims**

Plaintiff fails to state any actionable defamation or invasion of privacy claims. First, "defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) (citation omitted). Libel is the written form of defamation, defined as "a false and unprivileged publication by writing. . . or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy. . . or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Plaintiff fails to allege how a mere inquiry into her credit report could amount to a "false publication," let alone one that has a natural tendency to cause plaintiff's claimed damages; she offers no authority in support of her contention that defendant can be held liable for defamation in the absence of any defendant making statements, written or otherwise. Therefore, defendant's motion is well-taken with respect to plaintiff's defamation claim.

---

[5] This case is distinguishable from Ayvazian v. Moore Law Group, 2:12-CV-01506, 2012 WL 2574947 (C.D. Cal. July 3, 2012), which: (1) was decided on a motion for summary judgment; and (2) involved a law firm collecting a particular debt that had obtained the plaintiff's credit report in furtherance thereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1499-CAS (PLAx) | Date | September 24, 2012 |
|---|---|---|---|
| Title | NVARD GRIGORYAN V. CONVERGENT OUTSOURCING, INC., ET AL. | | |

Second, California recognizes two invasion of privacy torts: one for public disclosure of private facts, and another for intrusion into private places, conversations or other matters. See Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 214 (1998). Plaintiff's claim cannot withstand defendant's motion for judgment on the pleadings under either tort. Plaintiff fails to allege facts that demonstrate how the mere inquiry into plaintiff's credit report would be "highly offensive to a reasonable person" under the law, id. at 724, or how this inquiry resulted in "publication and circulation" of plaintiff's name and inaccurate information about plaintiff, Compl. ¶ 78. See Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1275 (9th Cir. 1990) (alleged FCRA violation is not actionable under an invasion of privacy tort). These defects are fatal to plaintiff's claim. Accordingly, defendants motion is granted with respect to plaintiff's claims for invasion of privacy and defamation.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendant's motion for judgment on the pleadings. Plaintiff shall have **twenty (20) days** to file an amended complaint.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |